# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### January 13, 2006 Session

## HEINRICH W. OBERKIRSCH v. JANIS L. OBERKIRSCH

**Appeal from the Chancery Court for Rutherford County**
**No. 00DR-93     J. S. Daniel, Judge**

---

### No. M2004-01888-COA-R3-CV - Filed January 19, 2006

---

This appeal stems from the change of a nine-year-old child's custody. The child was removed from his mother's custody after animal control officers, responding to complaints of animal abuse, discovered deplorable conditions in her home caused by a menagerie of cats. The father filed a petition for change of custody in the Chancery Court for Rutherford County. Following a bench trial, the court granted the father's petition and designated him as the primary residential parent. We agree with the trial court that there was a material change in circumstances warranting modification of the initial custody determination and that it is in the child's best interests for the father to be the primary residential parent.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and FRANK G. CLEMENT, JR., JJ., joined.

J. Todd Faulkner, Nashville, Tennessee, for the appellant, Janis L. Oberkirsch.

Joe M. Brandon, Jr., Smyrna, Tennessee, for the appellee, Heinrich W. Oberkirsch.

### MEMORANDUM OPINION[1]

Heinrich W. Oberkirsch and Janis L. Oberkirsch divorced in 2001. Pursuant to the terms of a marital dissolution agreement (MDA) and parenting plan, the Rutherford County Chancery Court awarded Ms. Oberkirsch primary residential custody of the parties' six-year-old son while granting

---

[1]Tenn. Ct. App. R. 10 provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Mr. Oberkirsch extensive visitation rights. On January 15, 2004, Ms. Oberkirsch was arrested and charged with animal cruelty for keeping nineteen stray cats in her house under deplorable conditions. A police officer at the scene described seeing animal urine and feces on the floors of the house in enormous quantities and stated that the house was unfit for a child. The child, who had been visiting with his father, was temporarily placed in the father's custody by the Tennessee Department of Human Services.

On February 11, 2004, Mr. Oberkirsch filed a petition to modify the initial custody determination to make him the primary residential parent. Following a bench trial at which the parties and others testified, the trial court entered a July 13, 2004 order finding that there had been a substantial and material change of circumstances in the mother's home environment since the initial custody determination and that it was in the best interests of the child to change the custody arrangement to make the father the primary residential parent. Ms. Oberkirsch appealed.

Ms. Oberkirsch admitted that her home was unfit for human habitation on January 15, 2004. However, she claimed that the appalling conditions of the home shown in the photographs admitted at trial had developed over the preceding six days when she was called out of town unexpectedly to attend the funeral of her grandmother. Ms. Oberkirsch stated that she only let the nineteen stray cats into her home when she left town because she was afraid they would freeze if she left them outside. Ms. Oberkirsch asserted that her home was normally clean and well-kept.

The trial court evidently disbelieved Ms. Oberkirsch's testimony. Having thoroughly reviewed the evidence in the record, we cannot say that the evidence preponderates against the trial court's finding that the conditions in Ms. Oberkirsch's home did not develop over a mere six days in January 2004. To the contrary, the record contains overwhelming evidence that the conditions into which Ms. Oberkirsch had allowed the home to fall had developed over a much longer period of time and existed while the child was living there.

The courts may alter custody arrangements as required by intervening circumstances. Tenn. Code Ann. § 36-6-101(a)(1) (2005). However, recognizing the importance of stability in a child's life, a court should not alter an existing custody arrangement until (1) it is satisfied either that the child's circumstances have changed in a material way since the entry of the presently operative custody decree or that a parent's circumstances have changed in a way that affects the child's well-being, (2) it has carefully compared the current fitness of the parents to be the child's custodian, and (3) it has concluded that changing the existing custody arrangement is in the child's best interests. Tenn. Code Ann. § 36-6-101(a)(2)(B), (C); *Kendrick v. Shoemake*, 90 S.W.3d 566, 570 (Tenn. 2002); *Blair v. Badenhope*, 77 S.W.3d 137, 150 (Tenn. 2002).

It cannot seriously be argued that the development of the appalling conditions in Ms. Oberkirsch's home as revealed by the evidence in the record does not amount to a material change in circumstances warranting reexamination of the initial custody determination. In addition, given the condition of Ms. Oberkirsch's home and the fact that she allowed such a condition to develop while she had her own child living there, we have no difficultly concluding that the trial court

properly concluded that it is in the child's best interests to modify the initial custody determination to make Mr. Oberkirsch the child's primary residential parent.

Accordingly, we affirm the trial court's July 13, 2004 order modifying the initial custody determination to award Mr. Oberkirsch primary residential custody of the child. We tax the costs of this appeal to Janis L. Oberkirsch and her surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., P.J., M.S.